# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>23 Forest Street, Portland, ME 04103 |
| Micah L. Holloway and Hannah Monaco<br>Defendants | |
| Town of Falmouth<br>Kennebunk Savings Bank<br>Maine Revenue Services<br>Maine Department of Health and Human Services (DHHS)<br>Parties-In-Interest | Mortgage:<br>January 27, 2006<br>Book 23645, Page 319 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Micah L. Holloway and Hannah Monaco, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Micah

L. Holloway and Hannah Monaco, are the obligor and the total amount owed under the terms of the Note is Four Hundred Thousand Eight Hundred Forty and 91/100 ($400,840.91) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a national association with a principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Micah L. Holloway, is a resident of Scarborough, County of Cumberland and State of Maine.

6. The Defendant, Hannah Monaco, is a resident of Gorham, County of Cumberland and State of Maine.

7. The Party-in-Interest, Town of Falmouth, is located at 271 Falmouth Road, Falmouth, ME 04105.

8. The Party-in-Interest, Kennebunk Savings Bank, is located at 104 Main Street, Kennebunk, ME 04043.

9. The Party-in-Interest, Maine Revenue Services, is located at P.O. Box 9107, Augusta, ME 04332.

10. The Party-in-Interest, Maine Department of Health and Human Services (DHHS), is located at 11 State House Station, Augusta, ME 04333.

# FACTS

11. On February 27, 2004, by virtue of a Warranty Deed from Branden W. Courtois, which is recorded in the Cumberland County Registry of Deeds in **Book 20927, Page 54**, the property situated at 23 Forest Street, County of Cumberland, and State of Maine, was conveyed to the Defendants, Micah L. Holloway and Hannah Monaco, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On January 27, 2006, the Defendant, Micah L. Holloway, executed and delivered to Option One Mortgage Corporation a certain Note in the amount of $242,250.00. Debtor's, Hannah Monaco, personal liability is limited and/or extinguished by any bankruptcies filed and/or which resulted in bankruptcy discharge(s). *See* Exhibit B (a true and correct copy of the Lost Note Affidavit is attached hereto and incorporated herein).

13. To secure said Note, on January 27, 2006, the Defendants executed a Mortgage Deed in favor of Option One Mortgage Corporation, securing the property located at 23 Forest Street, Portland, ME 04103 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 23645**, **Page 319**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to H & R Block Bank, N.A. by virtue of an Assignment of Mortgage dated March 25, 2010 and recorded in the Cumberland County Registry of Deeds in **Book 27695**, **Page 309**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was assigned to H & R Block Bank FSB by virtue of a Corrective Assignment dated June 30, 2010 and recorded in the Cumberland County Registry of Deeds in **Book 27942**, **Page 82**. *See* Exhibit E (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

16. The Mortgage was then assigned to H & R Block Bank, a Federal Savings Bank by virtue of an Assignment of Mortgage dated August 26, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 31011**, **Page 147 (**here also with recorded Power of Attorney from H&R Block Bank, FSB to Nationstar Mortgage LLC). *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated January 6, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32435**, **Page 187 (**here also with recorded Power of Attorney from H&R Block Bank, FSB to Nationstar Mortgage LLC). *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated August 18, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33967**, **Page 242 (**here also with recorded Power of Attorney from DLJ Mortgage Capital, Inc. to Caliber Home Loans, Inc.). *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. On August 26, 2016, the Defendants, Micah L. Holloway and Hannah Monaco, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Micah L. Holloway and Hannah Monaco, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

21. The Defendants, Micah L. Holloway and Hannah Monaco, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, cannot locate the original Note; however, the Plaintiff is the owner of the Note referenced herein pursuant to delivery by the previous holder and is the entity entitled to enforce the terms and conditions of the aforesaid Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

24. Town of Falmouth is a Party-in-Interest pursuant to a Writ of Execution in the amount of $12,062.41 dated October 24, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 29179**, **Page 194** and is in second position behind Plaintiff's Mortgage.

25. Town of Falmouth is a Party-in-Interest pursuant to a Writ of Execution in the amount of $12,062.41 dated October 24, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 29281**, **Page 107** and is in second position behind Plaintiff's Mortgage.

26. Kennebunk Savings Bank is a Party-in-Interest pursuant to a Writ of Execution in the amount of $51,217.57 dated January 31, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31327**, **Page 117** and is in third position behind Plaintiff's Mortgage.

27. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $7,550.18 dated March 4, 2012, and recorded in the Cumberland County Registry of Deeds in **Book 29400**, **Page 145** and is in fourth position behind Plaintiff's Mortgage.

28. Maine Department of Health and Human Services (DHHS) is a Party-in-Interest pursuant to a Notice of Support Lien in the amount of $20,317.25 dated November 13, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31931**, **Page 327** and is in fifth position behind Plaintiff's Mortgage.

29. The aforesaid junior liens also constitute a breach of the subject mortgage, including the debtor's promise that, "There are no outstanding claims or changes against the property" and other applicable provisions of the subject mortgage.

30. The total debt owed under the Note and Mortgage as of February 8, 2019 is Four Hundred Thousand Eight Hundred Forty and 91/100 ($400,840.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $226,510.97 |
| Interest | $129,308.90 |
| Escrow/Impound Required | $43,355.31 |
| Late Fees | $1,579.52 |
| Total Advances | $1,468.80 |
| Funds to Be Credited | $-1,382.59 |
| Grand Total | $400,840.91 |

31. Upon information and belief, the Defendants, Micah L. Holloway and Hannah Monaco, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. This is an action for foreclosure respecting a real estate related Mortgage and title located at 23 Forest Street, Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, cannot locate the original Note; however, the Plaintiff is the holder of the Note referenced in Paragraph 12 pursuant to delivery by the previous holder and is the entity entitled to enforce the terms and conditions of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

36. The Defendants, Micah L. Holloway and Hannah Monaco, are presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2009, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

37. The total debt owed under the Note and Mortgage as of February 8, 2019 is Four Hundred Thousand Eight Hundred Forty and 91/100 ($400,840.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $226,510.97 |
| Interest | $129,308.90 |
| Escrow/Impound Required | $43,355.31 |
| Late Fees | $1,579.52 |
| Total Advances | $1,468.80 |
| Funds to be Credited | $-1,382.59 |
| Grand Total | $400,840.91 |

38. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

39. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway.

40. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Micah L. Holloway and Hannah Monaco, on August 26, 2016, evidenced by the Certificate of Mailing.. *See* Exhibit I.

41. The Defendants, Micah L. Holloway and Hannah Monaco, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. On January 27, 2006, the Defendant, Micah L. Holloway, executed and delivered to Option One Mortgage Corporation a certain Note in the amount of $242,250.00. *See* Exhibit B.

44. The Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, are in default for failure to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit I.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Micah L. Holloway and Hannah Monaco.

46. The Defendants, Micah L. Holloway and Hannah Monaco, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

47. The Defendants Micah L. Holloway and Hannah Monaco's breach is knowing, willful, and continuing.

48. The Defendants Micah L. Holloway and Hannah Monaco's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of February 8, 2019, if no payments are made, is Four Hundred Thousand Eight Hundred Forty and 91/100 ($400,840.91) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $226,510.97 |
| Interest | $129,308.90 |
| Escrow/Impound Required | $43,355.31 |
| Late Fees | $1,579.52 |
| Total Advances | $1,468.80 |
| Funds to be Credited | $-1,382.59 |
| Grand Total | $400,840.91 |

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. By executing, under seal, and delivering the Note, the Defendant, Micah L. Holloway, entered into a written contract with Option One Mortgage Corporation who agreed to loan the amount of $242,250.00 to the Defendant. *See* Exhibit B.

53. As part of this contract and transaction, the Defendants, Micah L. Holloway and Hannah Monaco, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Option One Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

55. The Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem

judgment against the subject property and Defendant, Micah L. Holloway, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit I.

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper owner of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Micah L. Holloway and Hannah Monaco.

57. The Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

58. The Defendants, Micah L. Holloway and Hannah Monaco, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Four Hundred Thousand Eight Hundred Forty and 91/100 ($400,840.91) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants.

59. Defendants Micah L. Holloway and Hannah Monaco's, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, breach is knowing, willful, and continuing.

60. Defendants Micah L. Holloway and Hannah Monaco's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

61. The total debt owed under the Note and Mortgage as of February 8, 2019, if no payments are made, is Four Hundred Thousand Eight Hundred Forty and 91/100 ($400,840.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $226,510.97 |
| Interest | $129,308.90 |
| Escrow/Impound Required | $43,355.31 |
| Late Fees | $1,579.52 |
| Total Advances | $1,468.80 |
| Funds to be Credited | $-1,382.59 |
| Grand Total | $400,840.91 |

62. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

63. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 62 as if fully set forth herein.

64. Option One Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Micah L. Holloway and Hannah Monaco, $242,250.00. *See* Exhibit B.

65. The Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, are in default for failure to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit I.

66. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Micah L. Holloway and Hannah Monaco, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

67. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

68. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 67 as if fully set forth herein.

69. Option One Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Micah L. Holloway, $242,250.00. *See* Exhibit B.

70. The Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

71. As a result, the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Option One Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

72. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Micah L. Holloway and Hannah Monaco, are in breach of the Note by failing to make payment due as of November 1, 2009, and all subsequent payments;

d) Find that the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, are in breach of the Mortgage by failing to make payment due as of November 1, 2009, and all subsequent payments;

e) Find that the Defendants, Micah L. Holloway and Hannah Monaco, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, are in

breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2009 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, is entitled to restitution for this benefit from the Defendants, Micah L. Holloway and Hannah Monaco;

o) Determine the amount due on said Mortgage and Note, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem

judgment against the subject property and Defendant, Micah L. Holloway, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Micah L. Holloway and Hannah Monaco, as affected by the Defendant's, Hannah Monaco, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Hannah Monaco, but only seeks an in rem judgment against the subject property and Defendant, Micah L. Holloway, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Four Hundred Thousand Eight Hundred Forty and 91/100 ($400,840.91) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated: March 19, 2019

<u>/s/ John A. Doonan, Esq.</u>
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670