# AFFIDAVIT

THE STATE OF TEXAS )
COUNTY OF DENTON ) KNOWN ALL MEN BY THESE PRESENTS:

I, Megan Meche, of the city of Lewisville, county of Denton, state of Texas, as an officer of Nationstar Mortgage LLC ("Lender"), being duly sworn, deposes and says:

1. Affiant states that I am authorized by Lender to execute this Affidavit on behalf of said entity.

2. Affiant states that any and all documents relating to loan number            obtained on or about **January 27,2006** in the principal amount of **$242,250.00** and secured by the property located at **23 FOREST ST PORTLAND, ME 04103** , were executed/signed by Borrower(s) and was done with Borrower(s)' knowledge and/or consent. Affiant further states Borrower's signature appearing on any documents relating to said loan is an original. Borrower has received benefit or value for said loan, or any part thereof.

3. That the Note identified hereto, was lost and neither the affiant herein nor any of the directors, officers, or employees of Lender has any knowledge of the location or whereabouts of said Note.

4. The attached is a true and original photocopy of the original Promissory Note dated **27th of January,2006** in the original principal amount of $242,250.00 Payable to **Option One Mortgage Corporation, a California Corporation** and executed by **MICAH HOLLOWAY** as Maker on **January 27,2006**, and submits this true and original copy identified hereto in lieu of the original Note.

5. Affiant states that Lender, on behalf of itself and its successors and assigns, hereby agrees to defend, indemnify and hold harmless, or its assigns, in the event of any loss or damages resulting from such loss of the Notes, suffered by reasons of the negotiation, payment, production or presentation of or otherwise relating to such loss of the Notes, together with all reasonable incurred costs, charges and expenses, including without limitation all attorney fees and expenses (whether or not a lawsuit is filed) incurred by reason of any claims, demand, suit, cause of action or proceeding on or by virtue of such loss of the Note.

6. Affiant will testify, declare, depose or certify to the truth of any or all of the foregoing before any competent tribunal, office or person in any legal proceeding, civil or criminal, which is now pending or which may hereafter be instituted in connection with the matter contained in the affidavit.

EXHIBIT B

7. Affiant also understands that making false sworn statement is subject to federal and or state statutes and may be punishable by fines and/or imprisonment according to the laws of his or her state.

_____
Signature of Affiant

State of Texas § 
§ 
County of Denton §

SWORN TO AND SUBSCRIBED BEFORE ME ON THE 3rd day of January, 2013
BY Megan Meche (Name of Affiant).

(Personalized Seal)

_____
Notary Public's Signature

BRITTANY GRAFA
Notary Public, State of Texas
My Commission Expires
March 02, 2016

Loan Number:          Servicing Number:          Date:  01/27/06

# NOTE

23   FOREST STREET,   PORTLAND, ME 04103-1124
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S.   $242,250.00   (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
   Option One Mortgage Corporation, a California Corporation   .
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of   6.510%   .
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

   (A) Time and Place of Payments
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on   March 01, 2006   .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on
       February 01    , 2036 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at   OPTION ONE MORTGAGE CORPORATION
   P.O. BOX 92103 LOS ANGELES, CA 90009-2103   or at a different place if required by the Note Holder.
   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S.   $1,532.78   .
   (C) Application of Payments
   Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

4. **BORROWER'S RIGHT TO PREPAY**

   I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
   If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.
   If within   36 Months   from the date of execution of the Security Instrument I make a full prepayment or, in certain cases a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to six (6) months advance interest on the amount of any prepayment that, when added to all other amounts prepaid during the twelve (12) month period immediately preceding the date of the prepayment, exceeds twenty percent (20%) of the original principal amount of this Note. In no event will such a charge be made unless it is authorized by state or federal law.

5. **LOAN CHARGES**

   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A) Late Charge for Overdue Payments
   If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   6.000%   of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
   (B) Default
   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument.
   (C) No Waiver By Note Holder
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

MAINE FIXED RATE NOTE - Single Family
Page 1 of 2

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

MENT0011 (11-03-05)

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

### NOTICE TO CONSUMER:

1. Do not sign this Agreement before you read it.
2. You are entitled to copy of this Agreement.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_/s/ Micah L Holloway_ (Seal) -Borrower
MICAH L HOLLOWAY
SSN:

_/s/_ (Seal) -Borrower
Witness
SSN: ###-##-####

_____ (Seal) -Borrower
SSN: ###-##-####

_____ (Seal) -Borrower
SSN: ###-##-####

_____ (Seal) -Borrower
SSN: ###-##-####

_____ (Seal) -Borrower
SSN: ###-##-####

Loan Number: Servicing Number:                    Date: 01/27/06

# ALLONGE TO NOTE
## (INVESTOR)

This allonge makes reference to the following Note:

Borrowers: MICAH L HOLLOWAY
Loan #:
Property Address: 23 FOREST STREET, PORTLAND, ME 04103-1124
Loan Amount: $242,250.00

Note Date: 01/27/06

Therefore, in reference to the captioned note, the following applies:

Pay to the order of: H&R Block Bank

                                                Without Recourse

Option One Mortgage Corporation
A California Corporation

By: *Christine Seremet*
    Christine Seremet

Assistant Secretary

Note Allonge

Borrower: Micah L. Holloway and Hannah Monaco
Property Address: 23 Forest Street, Portland, MAINE 04103-1124
Loan Amount: $242,250.00

For the purpose of endorsement of the attached Note, this Allonge is affixed and becomes a permanent part of said Note.

Pay to the order of:

DLJ MORTGAGE CAPITAL, INC., without recourse

ADA Services Corporation f/k/a H & R Block Mortgage Corporation

By: *[signature]*
Name: Roger Kistler
Title: Vice President

# ALLONGE TO NOTE

Service #:

Control Number:

Allonge to Note Dated: **1/27/06**

And Executed by: **MICAH L HOLLOWAY**

Property Address: **23 FOREST STREET, PORTLAND, ME 04103-1124**

Loan Amount: **$242,250.00**

Pay to the order of: **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**

Without recourse: **DLJ MORTGAGE CAPITAL INC., BY CALIBER HOME LOANS INC. AS ATTORNEY IN FACT**

By: *[signature]*
Mindi Coleman

Title: **Authorized Signatory**

Prepared By: ESHWAR DEEKONDA

CAALNG