UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | 2:19-cv-00116-JDL |
| MICHAL. L. HOLLOWAY AND HANNAH MONACO | ) ) ) | |
| Defendants, | ) ) ) ) | |
| TOWN OF FALMOTUH, KENNEBUNK SAVINGS BANK, MAINE REVENUE SERVICES, MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES | ) ) ) ) ) ) ) | |
| Parties in Interest. | ) | |

**ORDER**

On March 19, 2019, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, filed a Complaint against Defendants Michal L. Holloway and Hannah Monaco seeking foreclosure under 14 M.R.S.A.§ 6322 (West 2023), and alleging breach of note, breach of contract (money had and received), quantum meruit, and unjust enrichment (ECF No. 1). Plaintiff joined the Town of Falmouth,

Kennebunk Savings Bank, Maine Revenue Services ("MRS"), and the Maine Department of Health and Human Services ("DHHS") as parties in interest. The Complaint avers that federal jurisdiction in this case is proper under 28 U.S.C.A. § 1332(a)(1) (West 2023) because Plaintiff and Defendants are diverse and the amount-in-controversy requirement is satisfied.

The Defendants did not file answers or responsive pleadings, but all of the Parties in Interest did (ECF Nos. 11, 12, 14, 15, 78). Plaintiff filed a Motion for Entry of Default as to the Defendants on October 18, 2019 (ECF No. 26), which the Court granted that same day (ECF No. 27). Plaintiff filed a Motion for Default Judgment as to the Defendants on November 7, 2019 (ECF No. 31). On March 10, 2021, the Court stayed and administratively closed this case pending resolution of the federal moratorium on federally-backed mortgages imposed because of the COVID-19 pandemic (ECF No. 56). Plaintiff moved to re-open the case on November 2, 2022 (ECF No. 64), which the Court granted on January 12, 2023 (ECF No. 67). Plaintiff filed a new Motion for Default Judgment on February 22, 2023 (ECF No. 71).

Before ruling on Plaintiff's motion, the Court must be satisfied that subject matter jurisdiction—in this case, diversity jurisdiction—exists. *See McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."). Plaintiff must explain why this case should not be dismissed for lack of subject matter jurisdiction due to the joinder of two state agencies, MRS and DHHS, as a parties in interest.

Accordingly, I take no action on Plaintiff's Motion for Default Judgment (ECF No. 71) at this time. It is **ORDERED** that Plaintiff shall submit, within twenty days of the issuance of this Order, a supplemental filing that demonstrates why the Court has subject matter jurisdiction in this case under 28 U.S.C. § 1332(a)(1).

**SO ORDERED**

**Dated this 16th day of August, 2023.**

                                             /s/ Jon D. Levy
                                    **CHIEF U.S. DISTRICT JUDGE**